UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1483(DSD/SRN)

Lyon Financial Services, Inc.,
a Minnesota corporation d/b/a
BCL Capital,

Plaintiff,

v. **ORDER**

Twisted Pair Communications,
a California corporation,

Defendant.

Kevin K. Stroup, Esq. and Christianson, Stoneberg, Giles & Stroup, 300 O'Connell Street, Marshall, MN 56258, counsel for plaintiff.

Peter G. Hill, Esq., and Bale, Anderson, Polstein, Pearson & Hill, 527 Marquette Avenue South, Suite 1800, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court on defendant's motion for summary judgment. Based on a review of the file, record, and proceedings herein, and for the reasons stated, the court denies the motion.

Summary judgement is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed R. Civ. P. 56(c). The moving party bears the burden of demonstrating to the court that no genuine issue of material fact exists. See Celotex Corp. v.

JUL 2 2002
FILED
RICHARD D. SLETTEN, CLERK
Judgment Ent'd.
Deputy Clerk's Initials

Catrett, 477 U.S. 317, 322-23 (1986). A fact is material only when its resolution affects the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 250. With this standard at hand, the court considers the defendant's motion for summary judgment.

After carefully reviewing the record, the court concludes that plaintiff has introduced substantial evidence of critical fact issues. The court finds that a material fact exists as to the interpretation of the leases and the vendor agreement. If a court concludes that an ambiguity exists in a contract, it should allow the parties a full opportunity to present evidence of the facts, circumstances, and conditions surrounding the contract's execution and the relevant conduct of the parties. Donnay v. Boulware, 144 N.W. 711, 716 (Minn. 1966); see also Severson v. Fleck, 251 F.2d 920, 924 (8th Cir. 1958). Therefore, the court finds summary judgment inappropriate in this case.

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Docket No. 15] is denied.

Dated June 1, 2002

David S. Doty, Judge
United States District Court